IN THE DISTRICT COURT IN AND FOR MUSKOGEE COUNTY
STATE OF OKLAHOMA

STATE OF OKLA...
FILED
2012 MAR 15 PM 3:47
PAULA SEXTON
COURT CLERK

| | |
|---|---|
| ELLA ADAMS, Individually as Mother of Letha Adams, and as Personal Representative for the THE ESTATE OF LETHA ADAMS, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF MUSKOGEE, OKLAHOMA; BOARD OF TRUSTEES FOR THE CITY OF MUSKOGEE, OKLAHOMA; CITY OF MUSKOGEE, OKLAHOMA, CITY COUNCIL, MUSKOGEE OKLAHOMA POLICE DEPARTMENT, GINNY BEMO, individually, and other JOHN DOE OFFICER 1, JOHN DOE OFFICER 2, JOHN DOE OFFICER 3.<br><br>Defendants. | Case No. CJ-2012-124<br><br><br>ATTORNEY LIEN CLAIMED |

## PETITION

COMES NOW the Plaintiff, Ella Adams ("Plaintiff"), individually as mother of Letha Adams ("Decedent"), and as Personal Representative of the Estate of Letha Adams, and submits her Petition asserting her causes of action against the Defendants.

### Overview

This is a civil rights action against the Defendants arising from their unconstitutional and inhumane arrest and/or death of the Decedent. These Defendants, cloaked with the authority of the government and supposedly entrusted with society's highest duty – to uphold the law and protect Muskogee citizens from predators and unlawful acts – committed the most extreme and unreasonable acts of police brutality against the Decedent which cannot go unanswered.

The Decedent was an African American female who was doing nothing illegal at the time of this event. More specifically, on or about the 1st day of October, 2010, the Decedent was wrongfully fired upon and wrongfully killed by a trained City of Muskogee Police Officer. Upon information and belief, the Plaintiff states the subject Muskogee Police Officer is Ginny Bemo.

The incident was due solely to the subject Muskogee Police Officer's negligence and/or

wrongful acts.

Because of the wrongful death caused by The City of Muskogee employee's negligence and/or wrongful acts, the Plaintiff and/or the Estate of Letha Adams, deceased, has suffered injuries and damages in excess of one million dollars, and now seeks justice from this Court.

### Parties, Jurisdiction & Venue

1. The Decedent was a resident of Muskogee County, State of Oklahoma.
2. Upon information and belief, Ginny Bemo ("Bemo") and Perry Galvin ("Galvin") are residents of Muskogee and MPD officers.
3. Upon information and belief, at all times relevant the Defendant John Does 1-3, were officers, agents, and representatives of MPD or other law enforcement or emergency response agencies or entities.
4. At all times relevant, the Defendant City of Muskogee ("City of Muskogee") was a political subdivision of the State of Oklahoma responsible for staffing, maintaining, and otherwise operating the MPD.
5. The incidents giving rise to this cause of action occurred in Muskogee County, State of Oklahoma.
6. Personal jurisdiction is proper pursuant to 12 O.S. § 2004(f) and venue is properly laid pursuant to 12 O.S. § 133.

### Statement of Facts

7. On or about October 1, 2010, the Decedent was wrongfully fired upon and wrongfully killed by a trained City of Muskogee Police Officer.
8. Upon information and belief, Bemo was the MPD officer that fired the weapon.
9. The Plaintiff and/or the Estate of Letha Adams, deceased, has suffered injuries and damages.
10. Prior to MPD's arrival, the Decedent had not committed any crime.
11. The Decedent was not in possession of any weapons, nor did she threaten Bemo or the MPD officers with any violent act.
12. At the time of the shooting the Decedent was posing absolutely no threat to Bemo, MPD officers or herself.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 (CIVIL RIGHTS – EXCESSIVE FORCE)
### PLAINTIFF vs. CITY OF MUSKOGEE

For her First Cause of Action against the Defendants, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein and further alleges and states as follows:

13. The City of Muskogee, MPD, Galvin and Bemo, acting under color of statute, regulation, custom or law of the State of Oklahoma, caused the Decedent to be subjected to the deprivation of her rights, privileges and immunities secured by the Fourth and Fourteenth Amendments of the Constitution of the United States and its laws in violation of 42 U.S.C § 1983. The acts of the City of Muskogee and MPD was reckless, knowing, intentional, malicious and/or wanton violation of the Decedent's rights and renders them liable in an action at law or other proceeding for redress of the injuries sustained.

14. Upon information and belief the City of Muskogee and MPD issued the policies and procedures pursuant to which Bemo conducted her work.

15. City of Muskogee and MPD's failure to adequately and properly train its officers constitutes deliberate indifference to the rights of persons such as the Decedent.

16. MPD was responsible for training Bemo, Galvin and the John Doe Defendants, officers employed by MPD to protect the constitutional rights of the citizens of the City of Muskogee. City of Muskogee and MPD, by allowing its officers to violate the Decedent's constitutional rights, the City of Muskogee has established a policy practice or custom of allowing its officers to deprive Muskogee citizens their rights to the protection of the United States Constitution. The actions of the City of Muskogee and MPD violated the Decedent's constitutional rights under the Fourth and Fourteenth Amendments causing her harm and damages. Indeed, the violations of the policies of MPD are so prevalent they amount to a custom or practice that has been ratified by the condoning of the same.

17. As a result of the unconstitutional and illegal actions by the City of Muskogee, the Decedent suffered egregious damages, and the Plaintiff and/or the Estate of Letha Adams is entitled to compensatory damages from the City of Muskogee for these damages.

18. The City of Muskogee exhibited malicious motive and intent and/or demonstrated

reckless indifference to the federally protected rights of the Decedent and showed deliberate indifference to her due process rights entitling the Plaintiff and/or the Estate of Letha Adams to an award of punitive damages against it.

WHEREFORE, premises considered, the Plaintiff Ella Adams, Mother and Personal Representative of the Estate of Letha Adams, prays the Court for Judgment against the Defendants City of Muskogee and MPD, and award her compensatory damages and punitive damages in excess of one million dollars, prejudgment and post judgment interest, attorneys' fees incurred, and any other relief deemed just and equitable.

## SECOND CAUSE OF ACTION
## NEGLIGENCE AND NEGLIGENCE PER SE
## PLAINTIFF vs. CITY OF MUSKOGEE

For Plaintiff's Second Cause of Action against the City of Muskogee, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein and further alleges and states as follows:

19. The Plaintiff has complied with the notice and all pre-filing requirements set forth in Oklahoma's Governmental Tort Claims Act, 51 O.S. § 151 *et. Seq.*
20. At all times, the actions of the City of Muskogee in connection with the training, monitoring and supervision of its police officers were pursuant to Oklahoma statute, regulation and custom and usage.
21. The City of Muskogee negligently and improperly trained, monitored and supervised its police department, in particular Bemo and Galvin.
22. The Decedent's injuries were caused by the City of Muskogee's violation of state and federal statutes.
23. The injuries sustained by the Decedent are of the type that the state and federal statutes intended to prevent.
24. The Decedent belongs to the class of persons meant to be protected by the aforementioned statutes and regulations, as well as others not stated.
25. The City of Muskogee breached common law and statutory duties that were the direct and proximate cause of the Plaintiff's injuries.
26. The actions by the City of Muskogee showed reckless disregard for the rights of others and were intentional and malicious towards others entitling the Plaintiff and/or the Estate

of Letha Adams to an award of punitive damages.

WHEREFORE, premises considered, the Plaintiff Ella Adams, Mother and Personal Representative of the Estate of Letha Adams, prays the Court for Judgment against the Defendants, and award her compensatory damages and punitive damages in excess of one million dollars , prejudgment and post judgment interest, attorneys' fees incurred, and any other relief deemed just and equitable.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 (CIVIL RIGHTS – EXCESSIVE FORCE)
### PLAINTIFF vs. BEMO

For her Third Cause of Action against Bemo, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein and further alleges and states as follows:

27. Bemo participated in the deprivation of the Decedent's Fourth and Fourteenth Amendment rights.

28. Bemo, acting under color of law, caused the Decedent to be subjected to the deprivation of her rights, privileges and immunities secured by the Constitution of the United States and its laws. The acts taken by Bemo were recklessly, wantonly, maliciously, knowingly, and/or intentionally in violation of the Decedent's rights and rendering her liable in an action of law, suit in equity or other proper proceedings for redress of the following: exercising excessive and heinous force on the Decedent and failure to follow City of Muskogee and/or MPD policy and procedures.

29. The Decedent suffered significant injuries and damages as a sole and direct result from MPD officer's force which was clearly excessive and clearly subjectively and objectively unreasonable in light of the totality of the circumstances.

30. As a result of the unconstitutional and illegal actions by Bemo, the Decedent endured pain and suffering which resulted in death. The Plaintiff and/or the Estate of Letha Adams is entitled to compensatory damages from all Defendants.

31. Bemo's deliberate indifference to the Decedent's Fourth and Fourteenth Amendment rights and thus violated 42 U.S.C § 1983.

32. Bemo exhibited malicious motive and intent and/or demonstrated reckless indifference to the federally protected rights of the Decedent and showed deliberate indifference to her due process rights entitling Plaintiff and/or the Estate of Letha Adams to an award of punitive damages against it.

WHEREFORE, premises considered, the Plaintiff Ella Adams, Mother and Personal Representative of the Estate of Letha Adams, prays the Court for Judgment against Bemo and award her compensatory damages and punitive damages in excess of one million dollars, prejudgment and post judgment interest, attorneys' fees incurred, and any other relief deemed just and equitable.

### FOURTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 (CIVIL RIGHTS – EXCESSIVE FORCE)
### PLAINTIFF vs. INDIVIDUAL DEFENDANTS JOHN DOES

For her Fourth Cause of Action against the John Doe Defendants, individuals known only by his or her job description and title that will be obtained during discovery, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein and further alleges and states as follow:

33. The John Doe Defendants, officers employed either by MPD, participated in the deprivation of the Decedent's Fourth and Fourteenth Amendment rights.

34. That John Doe Defendants, acting under color of law, caused the Decedent to be subjected to the deprivation of her rights, privileges and immunities secured by the Constitution of the United States and its laws. The acts of the John Doe Defendants were recklessly, wantonly, maliciously, knowingly and/or intentionally in violation of the Decedent's rights rendering the John Doe Defendants liable in an action at law, suit in equity or other proper proceedings for redress of the following: exercising excessive and heinous force on the Decedent and failure to follow City of Muskogee and/or MPD policy and procedures.

35. As a result of the unconstitutional and illegal actions by the John Doe Defendants, the Decedent endured pain and suffering which resulted in death. The Plaintiff and/or the Estate of Letha Adams is entitled to compensatory damages from all Defendants.

36. The John Doe Defendants' deliberate indifference to the Decedent's Fourth and Fourteenth Amendment rights and thus violated 42 U.S.C § 1983.

37. The John Doe Defendants exhibited malicious motive and intent and/or demonstrated reckless indifference to the federally protected rights of the Decedent and showed deliberate indifference to her due process rights entitling Plaintiff and/or the Estate of Letha Adams to an award of punitive damages against it.

WHEREFORE, premises considered, the Plaintiff Ella Adams, Mother and Personal Representative of the Estate of Letha Adams, prays the Court for Judgment against John Doe Defendants, and award her compensatory damages and punitive damages in excess of one million dollars, prejudgment and post judgment interest, attorneys' fees incurred, and any other relief deemed just and equitable.

### FIFTH CAUSE OF ACTION
### TORT CLAIM (ALTERNATIVELY PLED)
### PLAINTIFF vs. BEMO AND JOHN DOE DEFENDANTS

For Plaintiff's Fifth Cause of Action against Bemo and John Doe Defendants, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein and further alleges and states as follows:

38. The conduct of Bemo and the John Doe Defendants complained of was with knowledge, reckless, malicious, wanton and intentional to such a degree as to deprive them of any protection of the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151, et. Seq.

39. The conduct of Bemo and the John Doe Defendants render them liable in tort to the Plaintiff and/or the Estate of Letha Adams for actual and punitive damages, and any other relief allowable by law.

WHEREFORE, premises considered, the Plaintiff Ella Adams, Mother and Personal Representative of the Estate of Letha Adams, prays the Court for Judgment against Bemo and the John Doe Defendants, and award her compensatory damages and punitive damages in excess of one million dollars, prejudgment and post judgment interest, attorneys' fees incurred, and any other relief deemed just and equitable.

### SIXTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 (CIVIL RIGHTS – EXCESSIVE FORCE)
### PLAINTIFF vs. GALVIN

For her Sixth Cause of Action against Galvin, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein and further alleges and states as follows:

27. Galvin participated in the deprivation of the Decedent's Fourth and Fourteenth Amendment rights.

28. Galvin, acting under color of law, caused the Decedent to be subjected to the deprivation of her rights, privileges and immunities secured by the Constitution of the United States and its laws. The acts taken by Bemo were recklessly, wantonly, maliciously, knowingly, and/or intentionally in violation of the Decedent's rights and rendering her liable in an action of law, suit in equity or other proper proceedings for redress of the following: exercising excessive and heinous force on the Decedent and failure to follow City of Muskogee and/or MPD policy and procedures.

29. The Decedent suffered significant injuries and damages as a sole and direct result from MPD officer's force which was clearly excessive and clearly subjectively and objectively unreasonable in light of the totality of the circumstances.

30. As a result of the unconstitutional and illegal actions by Galvin, the Decedent endured pain and suffering which resulted in death. The Plaintiff and/or the Estate of Letha Adams is entitled to compensatory damages from all Defendants.

31. Galvin's deliberate indifference to the Decedent's Fourth and Fourteenth Amendment rights and thus violated 42 U.S.C § 1983.

32. Galvin exhibited malicious motive and intent and/or demonstrated reckless indifference to the federally protected rights of the Decedent and showed deliberate indifference to her due process rights entitling Plaintiff and/or the Estate of Letha Adams to an award of punitive damages against it.

WHEREFORE, premises considered, the Plaintiff Ella Adams, Mother and Personal Representative of the Estate of Letha Adams, prays the Court for Judgment against Galvin and award her compensatory damages and punitive damages in excess of one million dollars, prejudgment and post judgment interest, attorneys' fees incurred, and any other relief deemed just and equitable.

Respectfully Submitted,

_____
Chris Blankenship, OBA #13572
A.J. Garcia, OBA #18937
Blankenship Law Offices, P.C.
P.O. Box 69
Stigler, OK 74462
918-967-8542 - telephone
918-967-5018 – facsimile

**ATTORNEY LIEN CLAIMED**

## VERIFICATION

STATE OF OKLAHOMA )
) ss.
COUNTY OF Sequoyah )

    A.J. Garcia, counsel for Ella Adams, Personal Representative, of lawful age, being first duly sworn, upon oath deposes and states: I have read the foregoing document and believe it to be true and accurate to the best of my knowledge information and belief.

                                              A.J. Garcia

Subscribed and sworn to before me this 15th day of March, 2012.

                                            Kathy S. Lupo
                                            Notary Public

My Commission Expires: 01-16-2016

Commission Number: 08000545