IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELLA ADAMS, Individually as Mother of Letha Adams, and as Personal Representative for the ESTATE OF LETHA ADAMS, Deceased | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. CIV-12-432-FHS<br>) |
| v. | )<br>) |
| THE CITY OF MUSKOGEE, OKLAHOMA BOARD OF TRUSTEES FOR THE CITY OF OF MUSKOGEE, OKLAHOMA; CITY OF MUSKOGEE, OKLAHOMA CITY COUNCIL MUSKOGEE OKLAHOMA POLICE DEPARTMENT; GINNY BEMO, individually PERRY GALVIN, individually; and other JOHN DOE OFFICER 1, individually; JOHN DOE OFFICER 2, individually; JOHN DOE OFFICER 3, individually. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MOTION TO DISMISS THE MUSKOGEE POLICE DEPARTMENT, MUSKOGEE BOARD OF TRUSTEES, AND THE MUSKOGEE CITY COUNCIL

COMES NOW the Defendant, City of Muskogee, l (hereinafter referred to as "Defendant City") by and through its attorney of record, Scott B. Wood of the law firm of Wood, Puhl & Wood, P.L.L.C., located in Tulsa, Oklahoma, and moves the court to dismiss the Muskogee Police Department, the Muskogee Board of Trustees and the Muskogee City Council, as they are not sue-able entities and are therefore improper parties. In support of said motion, Defendant City states as follows:

1

Defendant Muskogee Police Department is not an appropriate party to this action. Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued is determined by the law of the state in which the district court is located. The Oklahoma Governmental Tort Claims Act provides "suits instituted pursuant to the provisions of this act shall name as defendant the state or the political subdivision against which liability is sought to be established." 51 O.S. § 163(C). As defined by 51 O.S. § 152(7) and (8)(a), and (10), Defendant Muskogee Police Department is neither a "state", as that term is defined by 51 O.S. § 152(10), nor is it a "political subdivision", as that term is defined by 51 O.S. § 152(8) and does not enjoy such separate legal existence independent of Defendant City of Muskogee.

A public entity, which does not enjoy separate legal existence independent of a political subdivision of a state is not suable. *West By and Through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997) (police department is not a separate suable entity from a town under § 1983); *See, Miller v. City of Claremore* 2006 WL 2316245; *Ketchum v. Albuquerque Police Dep't.*, 958 F.2d 381 (10th Cir.1992); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir.1985))("Sheriff's departments and police departments are not usually considered legal entities subject to suit.) The Muskogee Police Department is not a "sue-able entity"

The same arguments apply to the Board of Trustees for the City of Muskogee (an entity which does not even exist), and the Muskogee City Council. Further, Plaintiff's Complaint contains not one allegation against any of these entities. Accordingly, Plaintiff's Complaint should be dismissed against the Muskogee Police Department, the

Board of Trustees for the City of Muskogee, and the Muskogee City Council, for failure to state a claim upon which relief may be granted.

Respectfully submitted,

*/s/ Scott B. Wood*
Scott B. Wood, OBA 12536
WOOD, PUHL & WOOD, P.L.L.C.
2409 E. Skelly Drive, Suite 200
Tulsa, Oklahoma 74105
*Tel* (918) 742-0808 / *Fax* (918) 742-0812
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

This is to certify that on November 1, 2012, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Chris W. Blankenship
Blankenship Law Offices, P.C.
P. O. Box 69
Stigler, OK 74462
(918) 967-8542 Telephone
(918) 967-5018 Facsimile

/s/ Scott B. Wood
Scott B. Wood